

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 21, 1948

Hon. James C. Jones, Executive Director
Veterans Affairs Commission
Austin, Texas

Opinion No. V-687

Re: Whether Article 3216a
repeals Article 3220-1,
V. C. S., and a related
question.

Dear Col. Jones:

        We quote from your request for an opinion as follows:

        "Sec. 1, Art. 3220-1, Revised Civil Statutes, provides for the creation of a Soldiers' and Sailors' Home, to be operated in conjunction with the Mens' Confederate Home in the City of Austin.

        "Sec. 1 and 2, Art. 3216a, Revised Civil Statutes, provide for the admittance of senile persons to the Mens' Confederate Home.

        "Questions:

        "1. Inasmuch as Art. 3216a does not carry a savings clause, is it in conflict with Art. 3220-1?

        "2. Does Art. 3216a repeal any portion of Art. 3220-1?

        "3. If Art. 3220-1 is ruled still in effect, does it necessarily invalidate any part of Art. 3216a?

        "4. If Question 3 is answered in the affirmative, would it be possible for the

State of Texas to enter into negotiations
with the Federal Government for assistance
in the support and maintenance of the Mens'
Confederate Home for Soldiers and Sailors?"

The statutes to which you have referred are
not incompatible, and an examination of their provisions
and of the legislative history of the statutes will serve
to reconcile them and answer your questions.

Authority for the original creation of the Con-
federate Home is found in Article III, Section 51, of the
Texas Constitution, and in Acts 1891, page 14, which is
codified in Vernon's Civil Statutes as Article 3213, et
seq. Thereafter, by Acts 1939, 46th Leg., Ch. 2, page
314, the Legislature authorized the establishment of the
Soldiers' and Sailors' Home, which, from its very terms,
"shall be operated in conjunction with and as a part of
the Confederate Home at Austin, Texas."

The Act creating the Soldiers' and Sailors'
Home authorized the admission of veterans of the Spanish
American War and of World War I to such Home, it being
located in and a part of the Confederate Home. Thus the
eligibility for admission to such Home was enlarged by
the Act establishing the Soldiers' and Sailors' Home.

The admission of senile patients to the Con-
federate Home, which is inclusive of the Soldiers' and
Sailors' Home, was authorized by Acts 1943, 48th Leg.,
Ch. 16, page 18, codified in Vernon's Civil Statutes as
Art. 3216a. That Act in no way altered the legislative
provisions for admission of <u>veterans</u> to the Home.

The hospital facilities for senile patients
were inadequate, and authority for the admission of such
patients to the Confederate Home was indicated for the
temporary relief of the situation until adequate and ap-
propriate facilities could be furnished for such senile
patients. This is borne out by Section 6 of Article
3216a, which authorized such admission of senile patients
to the Confederate Home, as follows:

"Section 6. The preceding provisions of
this Act are cumulative of existing law govern-
ing the Texas Confederate Home for Men, and it
is the legislative intent that such home revert
to the purposes for which it has been heretofore
dedicated, when other facilities for the care of

the senile aged patients, contemplated by
this Act, are provided."

This is further substantiated by the provisions
of the emergency clause which reads, in part:

"Section 7. The fact that there are now
being maintained in the State Hospitals of
Texas many senile persons who should be seg-
regated from other mentally ill persons, and
the further fact that there are many senile
persons in the jails of Texas awaiting ad-
mission into State Hospitals for maintenance
and for whom there is not now adequate room
in State Hospitals, creates an emergency. .
. . ."

Thus, senile aged patients became additional eli-
gibles for admission to the Confederate Home, there being
no other facilities for their custody and treatment.

Therefore, Article 3216a, V. C. S., which au-
thorizes the admission of senile aged patients to the
Confederate Home is not in conflict with nor does it re-
peal any portion of Article 3220-1, V. C. S., establish-
ing the Soldiers' and Sailors' Home, as an adjunct of the
Confederate Home, and the latter statute is still in effect.

With regard to your last question referring to
the possibility of entering into negotiations between the
State of Texas and the Federal Government to secure assist-
ance for the support and maintenance of the Soldiers' and
Sailors' Home, we refer you to the provisions of Article
3220-1, V. C. S., being Section 9 thereof, which clearly
authorizes such negotiations, as follows:

"Section 9. The Board of Control is
hereby authorized to enter into negotiations
and make any agreements with the United States
Government for assistance in the support and
maintenance of said Soldiers' and Sailors'
Home."

## SUMMARY

Article 3216a, V. C. S., does not repeal nor is it in conflict with Article 3220-1, V. C. S.

The Board of Control is authorized to enter into negotiations with the United States Government for assistance in the support and maintenance of the Soldiers' and Sailors' Home. Article 3220-1, Section 9, V. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Dean J. Capp
Assistant

DJC:vmb:rt

APPROVED:

Price Daniel
ATTORNEY GENERAL